# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| RACHEL MARIE BASSETT | * | CIVIL ACTION NO.  09-1936 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| WAL-MART LOUISIANA, LLC, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 4] filed by plaintiff, Rachel Marie Bassett.[1]  Defendants oppose the motion.  For reasons stated below, the motion to remand is **DENIED**.

## BACKGROUND

Rachel Marie Bassett filed the above-captioned suit on December 19, 2008, against Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. (collectively "Wal-Mart') in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana.  Bassett contends that Wal-Mart is liable for injuries that she sustained on December 22, 2007, when she was struck by a shopping cart in the Wal-Mart parking lot.  *See* Petition, ¶ 5.

On November 18, 2009, Wal-Mart removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  Within 30 days of removal,

---

[1]  As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

plaintiff filed the instant motion to remand on the grounds that defendants failed to timely remove the matter in accordance with 28 U.S.C. § 1446(b).  [doc. # 4].  Wal-Mart opposes the motion.  [doc. # 9].  Briefing is now complete; the matter is before the court.

## LAW AND ANALYSIS

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Id*.  The removal statutes are strictly construed in favor of remand.  *Id*.

In this case, defendants invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendants, and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Plaintiff does not contest the court's subject matter jurisdiction.  Although the parties cannot confer federal subject matter jurisdiction via consent,[2] the record establishes that the parties are completely diverse and that the amount in controversy exceeds $75,000.[3]  Thus, the sole issue is whether defendants complied with the procedural requirements of removal.

The removal process is fraught with procedural pitfalls for the unwary defendant

---

[2] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

[3] Plaintiff is a Louisiana domiciliary.  (Notice of Removal, ¶ 2).  Defendants are ultimately citizens of Arkansas.  *Id*., ¶¶ 3-4.  Plaintiff has offered to settle the matter for $425,000.  *Id*., ¶ 11, Exh. A.

including, but not limited to, the temporal filing limitations at issue here.  Under the removal

statutes, a defendant must file a notice of removal:  1) within 30 days after the defendant

receives, through service or otherwise, a copy of the initial pleading or summons; or 2) if the case

"stated by the initial pleading is not removable," within 30 days from defendant's receipt "of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained

that the case is one which is or has become removable . . ."  28 U.S.C. § 1446(b) (commonly

referred to as first and second paragraphs of § 1446(b)).

       Plaintiff does not contend that it was facially apparent from the original petition that the

amount in controversy exceeded $75,000.  (Pl. Reply Memo., pg. 2 [doc. # 14]).[4]  Instead, she

argues that defendants did not remove the case within 30 days "from receipt of papers from

which it was ascertainable that the action may have been removable."  (M/Remand, pg. 6).  If

substantiated, this error would constitute a procedural defect in the removal process, compelling

remand.  *See In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) (failure to timely remove

under § 1446(b) is a procedural defect in removal process).

**I.**      **"Other Paper" Removal**

       In *Bosky v. Kroger Texas, LP*, the Fifth Circuit established a "bright line" rule for the 30

day removal period under the second paragraph of § 1446(b):

> the information supporting removal in a copy of an amended pleading, motion,
> order or other paper must be "unequivocally clear and certain" to start the time
> limit running for a notice of removal under the second paragraph of section
> 1446(b). This clearer threshold promotes judicial economy. It should reduce

---

   [4]  The court agrees that plaintiff's petition did not trigger § 1446(b)'s initial 30 day removal
provision.  Not only did the petition *not* contain a specific allegation that plaintiff's damages
exceeded $75,000, *see Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), it alleged
that her damages "should not exceed $75,000.00."  (Petition, ¶ 15).

"protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnote omitted).

This begs the question of what must be included in an "other paper" to make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold?

Despite some equivocation, *Bosky* managed to provide some guidance.  The court explained that its removal standard did not conflict with other cases such as *Gebbia v. Wal-Mart Stores, Inc.*,[5] *Luckett v. Delta Airlines, Inc.*,[6] and *Marcel v. Pool Co.*,[7] because those cases were not relevant to removals effected under the second paragraph of § 1446(b).  *Bosky*, 288 F.3d at 212, n.20 (citations omitted).  *Bosky* then cited other Fifth Circuit cases such as *S.W.S. Erectors, Inc. v. Infax, Inc.*, and  *Wilson v. Belin*, that it deemed to be consistent with its "unequivocally clear and certain" standard.  *Bosky, supra* (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491-92 (5th Cir. 1996); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994)).[8]  In both *S.W.S. Erectors* and *Wilson*, defendants' removal was premised upon written evidence obtained from plaintiffs which acknowledged *specific damage figures* that exceeded the federal jurisdictional minimum.  *Id*.

Although not discussed in *Bosky* itself, it is instructive that the "other paper[s]" that

---

[5]  233 F.3d 880, 882-883 (5th Cir. 2000).

[6]  171 F.3d 295, 298 (5th Cir. 1999).

[7]  5 F.3d 81, 82-85 (5th Cir.1993).

[8]  *Bosky* also cited *Marcel v. Pool*.  This citation to *Marcel* is curious however, because two footnotes earlier, *Bosky* cited *Marcel* as a case that was not relevant to removal under the second paragraph of § 1446(b).

defendants relied upon to remove the case were documents that revealed actual medical expenses in excess of $75,000. *Bosky v. Kroger*, Appellee Brief, 2001 WL 34127780. Even more telling, is that more than 30 days before removal, the defendant obtained discovery from plaintiff stating that she would "not seek more than $500,000.00 for all of her damages and may seek less than this amount . . .," and a written statement that plaintiff's medical damages were around $50,000. *Id*. *Bosky* effectively held that the foregoing evidence was insufficient to commence the 30 day removal period. Rather, the 30 day removal clock was not triggered until defendant obtained written proof of actual damages that exceeded the jurisdictional minimum.

With this backdrop, it is manifest that the 30 day removal clock under the second paragraph of § 1446(b) was not triggered in this case until October 29, 2009, when defendants received correspondence from plaintiff's counsel that set forth the nature of plaintiff's injuries and included *specific damage estimates* well in excess of the jurisdictional minimum. (Oct. 28, 2009, Letter; Notice of Removal, Exh. A).[9] Defendants timely removed the case within 30 days thereafter.

Plaintiff argues that the information contained in the October 28, 2009, demand letter was summarized in discovery previously obtained by defendants by no later than August 18, 2009.[10] There is no indication, however, that plaintiff's discovery responses, or her and her husband's depositions, contained *specific damage estimates* in excess of the jurisdictional minimum. *See*

---

[9] A post-complaint demand letter constitutes an "other paper" under § 1446(b). *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761-762 (5th Cir. 2000).

[10] At best, the discovery indicated that plaintiff may have a herniated disc, that surgery was a likely alternative, and that she may be unable to return to work as anticipated. *See e.g.*, Pl. Med. Records, pg. 5; Opp. Memo., Exh. 1; Deposition of Chris Bassett, pg. 25, Notice of Removal, Exh. 7; Deposition of Rachel Bassett, pg. 16-17, Notice of Removal, Exh. 5).

Pl. Ans. to Interr. and Med. Records, Def. Opp. Memo., Exh. 1; Pl. Depos., Notice of Removal,

Exhs. 5 & 7.  Accordingly, this discovery did not trigger the removal period.  *See Bosky, supra*.[11]

## II.    Waiver and Substantial State Court Progress

Plaintiff contends that defendants waived their right to remove by filing a motion for

summary judgment on August 19, 2009, in state court which sought dismissal of plaintiff's

claims.  *See* Motion for Summary Judgment, Notice of Removal, Exh. 5.  The state court held

oral argument on October 12, 2009, and denied the motion for summary judgment on October

29, 2009.  (October 29, 2009, Judgment, Notice of Removal, Exh. 8).

The Fifth Circuit has held that "waiver of the right to remove must be clear and

unequivocal; the right to removal is not lost by participating in state court proceedings *short of*

*seeking an adjudication on the merits*."  *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th

Cir. 2003) (citations omitted) (emphasis added).  The court added, however, that waiver is "the

intentional relinquishment or abandonment of a known right."  *Id.*, n. 15 (quoted source and

internal quotation marks omitted).  Thus, a defendant may not waive its right to remove prior to

the case having become removable.  *See Tedford, supra*.  Here, the right to remove did not arise

until defendants received plaintiff's correspondence on October 29, 2009.  There is no indication

that defendants took any action in state court after this date to intentionally relinquish their right

---

[11] Plaintiff further suggests that defendants had sufficient information to conduct a quantum study which would have revealed the amount in controversy well before October 29, 2009. However, a defendant's "subjective knowledge cannot convert a case into a removable action." *Bosky*, 288 F.3d at 210 (quoted source and internal quotation marks omitted).  Moreover, from defendants' perspective, any suspicion that the amount in controversy might exceed the jurisdictional minimum was muted by plaintiff's unchanged allegation that her damages should not exceed $75,000.  (Petition, ¶ 15).

to remove the case to federal court.  *See Tedford, supra.*[12]

Plaintiff further argues that substantial progress has been made in state court and that the parties would be unduly burdened should they have to begin proceedings anew in federal court. This argument, however, overlooks the fact that the work heretofore completed in state court will readily transfer to this court.  Moreover, should the parties wish to retain a trial date in September 2010, they may do so by consenting to jury trial before the undersigned.

### III.    Conclusion

For the above-assigned reasons, the undersigned finds that the 30 day removal clock under the second paragraph of § 1446(b) was first triggered on, or about October 29, 2009, and that defendants timely removed the case to federal court within 30 days thereafter.  28 U.S.C. § 1446(b).  Accordingly,

The motion to remand [doc. # 4] filed by plaintiff Rachel Marie Bassett is **DENIED**.

THUS DONE AND SIGNED this 8th day of February 2010 in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[12]  Plaintiff argues that after the hearing on defendants' motion for summary judgment, both sides conferred with the state court judge to "tentatively" select a trial date in September 2010. (M/Remand, pg. 6).  However, plaintiff did not establish that this scheduling conference occurred after defendants had learned that the case was removable.